ROBERT F. GODBEY AND MARY N. GODBEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Godbey v. Commissioner
Docket No. 33225-85.
United States Tax Court
T.C. Memo 1986-434; 1986 Tax Ct. Memo LEXIS 164; 52 T.C.M. (CCH) 461; T.C.M. (RIA) 86434; September 15, 1986. Robert F. Godbey, pro se. Cheryl M. D. Rees, for the respondent. GUSSIS
MEMORANDUM OPINION GUSSIS: Special Trial Judge: This case was assigned pursuant to section 7456(d) of the Internal Revenue Code and Rules 180, 181, and 182, Tax Court Rules of Practice and Procedure.[1]
Respondent determined (1) a deficiency in petitioners' Federal income tax for 1981 in the amount *165 of $1,938; (2) an addition to tax under section 6653(a)(1) in the amount of $96.90; and (3) an addition to tax under section 6653(a)(2) in the amount of 50 percent of the interest due on the underpayment of $1,938. The issues are (1) whether a payment of $5,000 to petitioner Robert F. Godbey in 1981 is includable in gross income under section 61(a) or represents a nontaxable loan, and (2) whether petitioner is liable for the additions to tax under sections 6653(a)(1) and (2) for negligence or intentional disregard of rules and regulations. Some of the facts have been stipulated and they are herein incorporated by this reference.Petitioners resided in Trinity, Texas at the time the petition herein was filed. Prior to his retirement in 1981 petitioner Robert F. Godbey was a district chief in the Houston Fire Department. In February 1981 Paul C. White, Jr. (hereinafter White), who was also a member of the Houston Fire Department, was on a promotion list of persons eligible for promotion to the rank of district chief. Vacancies at the rank of district chief were filled in the order of appearance on the promotion list. Placement and ranking on the promotion list were determined by *166 an individual's score in a competitive examination. Each promotion list remained in effect for one year. In the event an individual on the current promotion list failed to get a promotion prior to the expiration of said list, it would be necessary for such individual to again qualify for a new promotion list in another competitive examination. Promotion lists were widely distributed throughout the Houston Fire Department. At the time the promotion list in effect in February 1981 was initially published, White ranked seventh. By February 1981 approximately four or five of the individuals ahead of White on the list had already been promoted. The promotion list was due to expire on February 14, 1981. Due to rumors of planned retirements, While believed that if one more district chief retired or resigned prior to the expiration of the promotion list he would receive his promotion. On February 4, 1981 petitioner met with White who delivered a check to petitioner in the amount of $5,000. On or about February 4, 1981 petitioner and White executed a document which stated that "I.P.C. White am making a personal loan to Robert F. Godbey payable on February 2, 2011 at an annual interest *167 of 1% per year." Prior to discussions with White with respect to the payment of $5,000, petitioner had planned to retire in or about November 1981.Petitioner retired prior to February 14, 1981 and White was promoted to the rank of district chief on February 14, 1981. Respondent determined that the amount of $5,000 which petitioner received from White in February 1981 constituted taxable income under the provisions of section 61(a). Petitioner argues that he obtained a loan of $5,000 from White which would not be includable in gross income. Petitioner has the burden of proof. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Whether a bona fide debtor-creditor relationship exists is a question of fact to be determined upon a consideration of all the pertinent facts. "An essential element is the intent of the recipient to make monetary payment of the amount of the advance and the intent of the person advancing the funds to enforce such payment." Beaver v. Commissioner,55 T.C. 85, 91 (1970). Upon a consideration of the whole record it is our conclusion that a bona fide debtor-creditor relationship was not created as a result of the payment *168 of $5,000 to petitioner in February 1981. To the contrary, the facts overwhelmingly indicate that the payment was made to petitioner by White solely to induce petitioner to retire from the fire department prior to the expiration of the promotion list, i.e., prior to February 14, 1981. Upon petitioner's retirement White achieved the desired result, i.e., he was promoted to the rank of district chief on February 14, 1981. White testified that he could not recall any discussions with petitioner about the terms of the so-called note (payable in the year 2011 with an annual interest rate of one percent). In fact, it appears that White was wholly indifferent to the terms appearing on the document. He also testified quite candidly that he did not expect repayment of the amount of $5,000 and further admitted that he had no intention of enforcing payment of either the $5,000 or the purported interest. He testified that as of the date of the trial he had received no payment of principal or interest from the petitioner. The true nature of the transaction between petitioner and White is underscored by the testimony of Douglas Hamel, the chairman of the civil service commission of the city *169 of Houston. An investigation by the civil service commission revealed that it had been the practice within the fire department over a period of some years to pay service officers to retire and thus pave the way to promotion pursuant to a current eligibility list. This practice obviated the need to take a new competitive examination after the expiration of the current eligibility list. The commission also discovered that the payments made to induce retirement seemed to hover around the amount of $5,000. After the hearings, the civil service commission ordered certain amendments in the commission's rules governing members of the Houston fire and police departments designed to eliminate this longstanding practice. In our view, White's payment of $5,000 to petitioner in 1981 simply followed the prevailing practice, i.e., it was made to induce petitioner to retire prior to the expiration of the current eligibility list. We conclude under these facts that the payment of $5,000 is includable in petitioner's taxable income in 1981. [2]
*170 The next issue is whether petitioner is liable for additions to tax under sections 6653(a)(1) and (2) for negligence or intentional disregard of rules and regulations. Petitioner has the burden of proof. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). In the absence of any persuasive evidence on this issue, we must sustain the respondent's determination as to the additions to tax under sections 6653(a)(1) and (2). Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Although petitioner at one point in his testimony stated that the payment he received was "either loan or gift," he made no serious effort to pursue the gift argument. In any event, the contention that the payment of $5,000 to petitioner constituted a nontaxable gift (see section 102) is utterly without merit. The Supreme Court has defined a gift within the meaning of the Internal Revenue Code as a transfer that arises from a "detached and disinterested generosity." Commissioner v. Duberstein,363 U.S. 278, 285↩ (1960). White's intention in making a payment of $5,000 to petitioner can hardly be described under the circumstances here present as "detached and disinterested."